J-A25009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAQUISE JOSEPH THOMAS | : | |
| | : | |
| Appellant | : | No. 445 MDA 2020 |

Appeal from the PCRA Order Entered February 13, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000988-2017

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 22, 2021**

Jaquise Joseph Thomas appeals from the February 13, 2020 order dismissing his petition for relief under the Post-Conviction Relief Act ("PCRA"). We affirm.

The factual and procedural history of this case was previously well-summarized by this Court in an unpublished memorandum adjudicating Appellant's direct appeal.  *See Commonwealth v. Thomas*, 201 A.3d 873 (Pa.Super. 2018) (unpublished memorandum at 1-3).   In pertinent part, Appellant was arrested on February 6, 2017, at the Howard Johnson Motel located on Eisenhower Boulevard in Harrisburg, Pennsylvania.  On that night, members of the Swatara Township Police Department investigated the smell of burnt marijuana emanating from a hotel room occupied by Appellant and a woman named Dnasia Peterson.  *Id*. at 1-2.  After Appellant gave consent for the officers to search the location, they discovered a "marijuana blunt," a

digital scale, and approximately one hundred plastic baggies. Thereafter, officers obtained a search warrant. During the investigation, Appellant provided a false name and admitted ownership of several bags of heroin that were eventually recovered. Also recovered from the hotel room were a "straw with heroin residue" and "a candy bag that contained marijuana." ***Id***. at 2.

On December 8, 2017, a jury convicted Appellant of possession with intent to distribute ("PWID"), possession of a small amount of marijuana, possession of drug paraphernalia, conspiracy, and false identification to law enforcement. On January 11, 2018, the trial court sentenced Appellant to an aggregate term of thirty to seventy-two months imprisonment followed by one year of probation. Appellant filed a timely direct appeal alleging that the trial court had erroneously ruled on a suppression issue at trial. Ultimately, this Court affirmed Appellant's judgment of sentence. ***Id***. at 10. Appellant filed a petition for allowance of appeal to our Supreme Court, which was denied. ***See Commonwealth v. Thomas***, 206 A.3d 1028 (Pa. 2019) (*per curiam* order).

Appellant timely filed the above-captioned *pro se* PCRA petition. Counsel was appointed to represent Appellant. On December 23, 2019, PCRA counsel filed a "no merit" letter along with a petition to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Specifically, PCRA counsel addressed the claims raised in Appellant's *pro se* PCRA petition and determined that they were meritless, and also stated that her independent review of Appellant's case had not uncovered any other potentially meritorious

claims for relief. Attached to PCRA counsel's petition was a copy of a December 20, 2019 letter apprising Appellant of PCRA counsel's intent to withdraw, providing him with a copy of her petition to withdraw, and advising him of his right to retain private counsel, proceed *pro se*, and to file a supplemental brief in the PCRA court.

On December 31, 2019, the PCRA court filed a memorandum order that granted PCRA counsel's petition to withdraw. The PCRA court also stated that it had undertaken an independent review of Appellant's case, and agreed that Appellant was not entitled to post-conviction relief. **See** Memorandum Order, 12/31/19, at 2. Contemporaneously, the PCRA court entered notice of its intent to dismiss Appellant's petition within pursuant to Pa.R.Crim.P. 907.

Appellant filed timely *pro se* objections to the PCRA court's Rule 907 notice, requesting the appointment of substitute counsel and seeking leave to amend his *pro se* PCRA petition to include "numerous claims of ineffective assistance of trial counsel" that were allegedly overlooked by PCRA counsel. Appellant's Objections to 907 Notice, 1/24/20, at ¶ 5, 9. Appellant offered no description or discussion of these allegedly overlooked claims. In relevant part, Appellant did not challenge PCRA counsel's withdrawal, aside from asserting that certain undisclosed meritorious issues remained. After considering these objections, the PCRA court dismissed Appellant's petition.

Appellant filed a timely *pro se* notice of appeal. Both Appellant and the PCRA court have complied with their obligations under Pa.R.A.P. 1925. Appellant has raised the following issues for our consideration:

- 3 -

1. Whether PCRA counsel violated Appellant's 6th Amendment right to counsel and Appellant's 14th Amendment right to due process during the PCRA proceedings for the following:

a. Counsel failed to investigate the history and procedure employed by pre-trial and trial counsel in light of Appellant's clearly defective PCRA petition.

b. Counsel failed [to] challenge the Commonwealth and protect [Appellant's] interests when counsel failed to amend the defective PCRA petition to address Officer [Patrick] Walsh's testimony and evidence at preliminary and suppression hearings,[1] including failure to move for discovery (photos and video evidence).

2. PCRA court abused discretion when it allowed PCRA counsel to withdraw.

Appellant's brief at 3. In reviewing these issues, we bear the following legal principles in mind:

Our standard of review in a PCRA appeal requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. ***Commonwealth v. Mason***, 130 A.3d 601, 617 (2015). The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court. ***Commonwealth v. Hanible***, 30 A.3d 426, 438 (Pa. 2011). . . . The PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon this Court. [***Mason***, ***supra*** at 617]. However, we review the PCRA court's legal conclusions *de novo*. ***Id***.

***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020).

_____

[1] Officer Patrick Walsh was the officer that detected the odor of burnt marijuana emanating from Appellant's hotel room and obtained Appellant's consent to search the hotel room.

Appellant's claims for relief have shifted significantly during the course of these proceedings. In his *pro se* PCRA petition, Appellant checked every available box on the submission form and averred claims concerning "ineffective assistance of counsel, police misconduct, and actual innocence." **See** Appellant's *Pro Se* PCRA Petition, 11/19/19, at 3-4. Following the entry of Rule 907 notice by the PCRA court, Appellant alleged that PCRA counsel was ineffective for failing to raise ineffective assistance of counsel claims against trial counsel: "PCRA counsel failed to investigate, address and perfect any claims . . . . It is clear that [trial] counsel at the suppression hearing was ineffective[.]" Appellant's brief at 4-5.

Throughout, Appellant declined to provide any details or concrete assertions of trial counsel's alleged ineffectiveness. Indeed, Appellant only began to delineate somewhat specific claims in his Rule 1925(b) statement, in which he alleged, *inter alia*, that "PCRA counsel was ineffective for not presenting the proof that appellant never gave consent and Officer Walsh lied to the court about his actions at the hotel." **See** Rule 1925(b) Statement, 3/31/20, at ¶ 5. Under the auspices of ineffectiveness, Appellant's brief largely re-litigates suppression issues that were previously addressed at Appellant's trial and on direct appeal. **See** Appellant's brief at 5-6.

As structured, Appellant's claims for relief are essentially layered claims of ineffective assistance of counsel, *i.e.*, that PCRA counsel was ineffective for

failing to allege and establish trial counsel's ineffectiveness. This Court has previously discussed such claims, as follows:

> To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1127 (2011). Where the defendant asserts a layered ineffectiveness claim he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney. ***Id.*** at 1128.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1189-90 (Pa.Super. 2012).

Instantly, we discern that Appellant is asserting that trial counsel failed to discover evidence that would have changed the outcome of the suppression hearing in Appellant's case. ***See*** Appellant's brief at 5. According to Appellant, PCRA counsel was concomitantly ineffective for failing to raise this issue in an amended PCRA petition. However, Appellant's brief is woefully undeveloped and does not recite or apply the legal standards attendant to claims of ineffective assistance of counsel. ***Id***. at 5-6. As noted above, he does not discuss ineffectiveness but focuses exclusively upon irrelevant legal arguments implicating the long-affirmed ruling of the suppression court.

As such, we conclude that Appellant has failed to adequately address the ineffectiveness factors. ***See Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 780 (Pa.Super. 2015) (*en banc*) ("[O]n appeal, a petitioner must adequately discuss all three factors of the [ineffectiveness] test, or the appellate court will reject the claim."). Therefore, his claim fails.

Order affirmed.[2]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/22/2021

---

[2] Appellant asserts in various filings that PCRA counsel did not conduct a thorough enough review of his case. However, the certified record independently confirms that PCRA counsel promptly requested transcripts of all the relevant proceedings. PCRA counsel also averred that she had corresponded with Appellant in her petition to withdraw and stated that Appellant had not presented counsel with any new exculpatory evidence that could have changed the outcome of his trial. *See* Petition to Withdraw, 12/23/19, at ¶¶ 15, 38. Appellant's own filings confirm that he corresponded with PCRA counsel. *See* Objections to 907 Notice, 11/24/20, at ¶ 7. Although Appellant complains that these communications were insufficient, he declines to explain how additional correspondence with PCRA counsel would have produced meritorious issues or arguments.